IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD E. NORMAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No.   CIV-06-114-F |

# FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his applications for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) and disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 of the Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

### PROCEDURAL HISTORY

Plaintiff filed his applications for DIB and SSI on October 10, 2003 alleging a disability since June 1, 1995 (TR. 159-161, 107-109). The applications were denied on initial consideration on reconsideration at the administrative level (TR. 255, 263 254, 262). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on May 11, 2005 (TR. 270-290). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the applications (TR. 274-287). A vocational expert (VE) also testified at the request of the ALJ (TR. 287-290). The ALJ issued his decision on July 7, 2005 finding that Plaintiff was not

entitled to DIB or SSI (TR. 14-20). The Appeals Council denied the Plaintiff's request for review on December 5, 2005, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 19). At step two, the ALJ concluded that Plaintiff's "late effects of musculoskeletal injuries and other unspecified arthropathies" were severe impairments (TR. 19). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 19). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform his past relevant work (PRW) as a food service manager (TR. 20). Thus, at step four of the sequential

analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 20).

On appeal to this Court, Plaintiff alleges that (I) the ALJ's RFC assessment is flawed because the ALJ failed to properly consider the effect of Plaintiff's non-exertional impairments of his hands and neck on his ability to work; and that (II) the ALJ erred by failing to consider Plaintiff's past job as a cook/food service manager as a medium/light composite job (See Plaintiff's Opening Brief at pages 7-12).

## MEDICAL EVIDENCE

In October 1995 Plaintiff had reconstructive surgery on his right elbow performed by his treating physician, Gene L. Muse, M.D. (orthopedic surgeon), (TR. 59). Dr. Muse reported in July 1996 that Plaintiff was doing fairly well; and that he was getting his sensibility back and was getting better grip (TR. 62). In September 1996 Dr. Muse noted that Plaintiff had been playing some golf and was not having too much difficulty (TR. 61).

In December 2003, Plaintiff underwent a consultative examination performed by Derrick Freeman, D.O., who found that Plaintiff had a normal gait; that he had crepitus in his knees bilaterally; and that Plaintiff's left wrist had joint laxity (TR. 87). Dr. Freeman also found that Plaintiff's distal ulna would dislocate with supination and pronation; that Plaintiff had resulting numbness in his left hypthenar region; and that he had decreased hand grip strength bilaterally (TR. 88). Dr. Freeman further found that Plaintiff had contraction of his fourth and fifth digits of his left hand; that contraction was held in flexion; that Plaintiff had decreased hand grip strength, decreased abduction and adduction in the left hand; and that he had decreased sensation in the palmar surface of the right hand (TR. 88). Dr. Freeman observed that Plaintiff had some decreased range of motion in his cervical spine secondary to some arthritic changes that had been present for some years (TR. 88). Dr. Freeman's assessment was of status post surgical procedure on the left wrist with resulting joint laxity and instability of the distal ulna on the left; status post reconstruction

of the right elbow with resulting weakness in the ulnar distribution and decreased sensation in the right hand in the palmar surface; and bilateral knee pain (TR. 88).

In January 2004, RFC assessments were completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 97). Agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 97-101).

In February 2004, Plaintiff was examined by Daniel R. Stough, M.D. (neurosurgeon), who reported that Plaintiff could bring his chin down to his chest with good mobility but could not elevate his chin more than about 10 degrees above horizontal (TR. 188). Dr. Stough also reported that Plaintiff's sensory exam was normal except for diminished sensation in the fourth and fifth finger of the right hand (TR. 188). Dr. Stough also noted "a bit of wasting" of the first dorsal interosseous muscle of the right hand (TR. 188). Dr. Stough's impression was of multilevel degenerative disk disease with associated pain (TR. 189). He recommended only that Plaintiff try an over-the-counter anti-inflammatory medication (TR. 189).

## HEARING TESTIMONY

At the hearing Plaintiff testified that he walked "about a mile everyday"; and that he did his own laundry, did woodworking, drove an automobile, and mowed his backyard (TR. 279-282). He also testified that he had pain in his neck; and numbness in his right hand (TR. 285). He testified that he could lift no more than five pounds with his left hand and could lift no more than a five gallon bucket of paint with his right hand (TR. 285).

## I.

Plaintiff argues that ALJ's RFC assessment is flawed because the ALJ failed to properly consider the effect of Plaintiff's non-exertional impairments of his hands and neck on his ability to work. The medical record does not support the degree of limitation claimed by Plaintiff. None of

Plaintiff's physicians imposed any work-related restrictions. The ALJ found that Plaintiff had the RFC to "perform light work activity, with occasional stooping and mild level of discomfort, fatigue and anxiety" (TR. 19).

The ALJ's RFC takes into account Plaintiff's limitations which are established by the medical evidence.  An ALJ need not include in the RFC assessment limitations unsupported by the medical record. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Thus, the ALJ's RFC determination is supported by substantial evidence and should not be disturbed on appeal.

## II.

Plaintiff also argues that the ALJ erred by failing to consider Plaintiff's past job as a cook/food service manager as a medium/light composite job Social Security Regulation 82-62 requires an ALJ to develop the record with respect to a claimant's PRW.

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.
> . . . .
> [D]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate.  This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.  Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

Soc. Sec. Rep. Serv., Rulings 1975-1982, SSR 82-62 (West 1982).  The ALJ must make specific factual findings detailing how the requirements of claimant's PRW fit the claimant's current limitations.  The ALJ's findings must contain:

    1.    A finding of fact as to the individual's RFC.
    2.    A finding of fact as to the physical and mental demands of the past job/occupation.

> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62; *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994); *Henrie v. United States Dep't of Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993).

Here, the ALJ found that Plaintiff had the RFC to "perform light work activity, with occasional stooping and mild level of discomfort, fatigue and anxiety" (TR. 19). The ALJ also found that Plaintiff's PRW as a cook was classified as medium, skilled work and his PRW as a food service manager was light skilled work (TR. 19).

Plaintiff claims that the ALJ's error at step four was in failing to consider his past job as a cook/food service manager as a medium/light composite job (See Plaintiff's Opening Brief at pages 7-9). SSR 82-61 provides that

> A composite job has significant elements of two or more occupations and, as such has no counterpart in the DOT. Such situations are to be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert.

Plaintiff described his PRW as follows: "Ran the restaurant cooking & everything involved in the restaurant business" (TR. 41). At the hearing Plaintiff testified that he last worked in 1995 as a "chef, cook in a restaurant" (TR. 276). He further testified that his restaurant job involved both managing the kitchen and being the cook (TR. 288). The VE and the ALJ appear to have divided, without explanation, the restaurant job into the two separate jobs of food service manager (light work) and cook (medium work) (TR. 19, 289). It further appears that the ALJ and the VE ignored Plaintiff's description of his PRW. To classify an applicant's PRW according to the least demanding function of his past occupations is contrary to the letter and spirit of the Social Security Act. *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985).

It was error for the ALJ to not consider Plaintiff's PRW as a composite job at step four. On remand the Commissioner should give due consideration to Plaintiff's PRW as a composite job,

obtain the testimony of a VE to provide analysis of the composite job, and should perform an alternative step five analysis with the assistance of the VE.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 22nd day of January 2007.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE